# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                **CRIMINAL ACTION NO. 3:11-CR-15**
                                       **(JUDGE GROH)**

**CHALDIN POINT DU JOUR,**

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF THE DETENTION ORDER

### I.   Background

On September 26, 2013, Defendant Chaldin Point Du Jour, by counsel, filed a Motion for Review of Detention Order pursuant to 18 U.S.C. § 3145. On September 24, 2013, United States Magistrate Judge James E. Seibert held a hearing on a Petition for Warrant or Summons for Offender Under Supervision. After hearing testimony, Judge Seibert found that there was probable cause that Defendant violated the terms of his supervised release, and he ordered that a Final Revocation Hearing should be held by this Court. Judge Seibert also granted the United States' Motion to Detain Defendant pending the Final Revocation Hearing. Although Judge Seibert found that Defendant was not a flight risk or danger to the community, he clearly found that Defendant intentionally and willfully violated nearly every condition of his supervised release terms.

### II.   Applicable Law

This Court reviews *de novo* a magistrate judge's decision to detain a defendant

pending the Final Revocation Hearing.  See **United States v. Goode**, 487 Fed. Appx. 813, 813 (4th Cir. 2012) (unpublished); **United States v. Clark**, 865 F.2d 1433, 1435 (4th Cir. 1989).  Defendant does not challenge Judge Seibert's probable cause finding that Defendant violated the terms of his supervised release.  Rather, Defendant challenges Judge Seibert's decision granting the United States' motion to detain Defendant pending his Final Revocation Hearing.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), "the magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings."  A defendant has "[t]he burden of establishing by clear and convincing evidence" that he or she "will not flee or pose a danger to any other person or to the community . . . ." **FED. R. CRIM. P. 32.1(a)(6)**.  The magistrate judge may order a defendant detained pending the Final Revocation Hearing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." **18 U.S.C. § 3143(a)(1)**.

### III.  Discussion

After a *de novo* review, this Court concludes that it must affirm the magistrate judge's order to detain Defendant.  This Court reviewed Defendant's motion, the audio recording of the hearing on September 24, 2013, and the magistrate judge's order.  In Defendant's motion, he argues that Judge Seibert specifically found he was not a flight risk or a danger to the community.  Additionally, Probation Officer Malik admitted that Defendant was not a flight risk or a danger to himself or the community.

2

Although Judge Seibert found that Defendant was not a "danger to others or the community," this Court finds that Defendant *is* a danger to the community and should be properly detained. Defendant has the burden of proving by clear and convincing evidence that he is not a danger to the community. **18 U.S.C. § 3143(a)(1)**; **FED. R. CRIM. P. 32.1(a)(6)**. Title 18, United States Code, Section 3143(a)(1) creates a presumption in favor of detention. *See* **United States v. Johnson**, No. 7:10-CR-93-BR, 2011 WL 861109, *2 (E.D.N.C. Mar. 9, 2011). Defendant has not provided sufficient evidence to meet this high burden. Indeed, the testimony at the hearing reflected Defendant's repeated failure to comply with the terms of his Supervised Release, such as the requirement of completing twenty hours of community service per week.

Second, Probation Officer Malik testified that Defendant routinely violates the terms of his Supervised Release, and she listed Defendant's numerous alleged violations. In ordering Defendant's detention, Judge Seibert found that Defendant intentionally and willfully violated every condition of his Supervised Release. Therefore, the Court finds that Defendant is a danger to the community because of his blatant disregard for and continued violations of the terms of his Supervised Release. *See* **United States v. Mandal**, 2010 WL 2472251, *2 (finding that defendant violated the conditions of his release and the Court was unpersuaded that if defendant continued on bond that he would not pose a risk to the community). Additionally "safety of the community" may include security against future criminal activity. *See* S. Rep. No. 98-225, at 13 (1983) ("[T]he language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the

community.  The committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence.").   In light of Defendant's repeated violation of the terms of his Supervised Release and Probation Officer Malik's assessment that he is "unsupervisable," this Court concludes that he "pose[s] a danger to the safety of any other person or the community if released . . . ." *See* **18 U.S.C. § 3143(a)**.

### IV.    Conclusion

For the reasons stated above, this Court **AFFIRMS** the magistrate judge's order granting the United States' motion to detain Defendant until his final revocation hearing. Accordingly, this Court **DENIES** Defendant's Motion for Review and Revocation of Detention Order [Doc. 106].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** October 2, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE

4